UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN W. GOMEZ, CDCR #AW-6241, Plaintiff, vs. DANIEL PARAMO, R. WALKER; A. POPE; A. AGUIRRE; M. STOUT; A. HERNANDEZ; P. LOGAN; CALIFORNIA DEP'T OF CORRECTIONS AND REHABILITATION; R.J. DONOVAN, Defendants. | Case No.: 17-cv-0834-BAS-MDD<br><br>**ORDER:**<br><br>**(1) DISMISSING CLAIM FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b); AND**<br><br>**(2) GRANTING LEAVE TO AMEND THE FIRST AMENDED COMPLAINT** |

On April 21, 2017, Steven W. Gomez ("Plaintiff"), a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, filed a civil rights complaint (the "Complaint") pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). (ECF No. 1). Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

1

This Court granted Plaintiff's Motion to Proceed IFP but *sua sponte* dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A(b). (ECF No. 4.) Plaintiff was permitted leave to file an amended pleading in order to correct the pleading deficiencies identified in the Court's Order. (*Id.*) After receiving additional time, Plaintiff filed his First Amended Complaint (the "FAC"). (ECF No. 8.) The Court now considers whether Plaintiff's FAC, or any portion thereof, must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A(b).

## I. SCREENING UNDER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)

### A. Standard of Review

As this Court has previously stated, because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### B.   42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### C.   Access to Courts Claims

Plaintiff argues that his access to the prison's law library is limited and he has difficulty accessing the law library due to his disability. (*See* FAC at 7.) Plaintiffs' allegations implicate both a constitutional right to access to courts claim and a claim under the Americans with Disabilities Act ("ADA"). The Court finds that the Plaintiff has failed to allege facts in the FAC sufficient to set out either claim.

#### 1.   Constitutional Right to Access to the Courts

Prisoners have a constitutional right to access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas

3

17-cv-0834-BAS-MDD

petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference.").

However, Plaintiff must allege "actual injury" as the threshold requirement to any access to courts claim. *Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4).

In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. *Harbury*, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417. Finally, Plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415.

Plaintiff's FAC fails to allege the actual injury required to state a constitutional access to courts claim. *See Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. Plaintiff makes the general allegation that he has been frustrated in bringing his legal claims to this Court. Plaintiff, however, has failed to plead facts showing how or why any of the individual Defendants in *this* case caused him to suffer any "actual prejudice" "such as the inability to meet a filing deadline or to present a claim," with respect to this case.

*Lewis*, 518 U.S. at 348; *Jones*, 393 F.3d at 936; *Iqbal*, 556 U.S. at 678. The Court will not grant Plaintiff leave to amend the FAC on this issue because such amendment will be futile. *Lopez*, 203 F.3d at 1127. Plaintiff has not been denied access to, nor lost the opportunity to assert his civil rights claims before this Court – the only Court referenced in the FAC.

### 2. Access to the Prison Library under the ADA

Plaintiff's access to court claim relies in part on case law regarding the ADA and alleges that Plaintiff is an "ADA wheelchair bound prisoner." (FAC at 7.) As the Supreme Court has recognized, the ADA applies to state prisons and state prisoners. *See Penn. Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998). Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability "by reason of such disability" in its services, programs, or activities. 42 U.S.C. § 12132. Access to a prison law library is a covered activity for the purposes of Title II of the ADA. *See, e.g., Clark v. California*, 739 F. Supp. 2d 1168, 1177 (N.D. Cal. 2010). The Court therefore will also screen the sufficiency of Plaintiff's allegations to plead a claim under the ADA.

In order to state a claim under Title II, the Plaintiff must allege that (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of the prison's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the prison's services, programs, or activities, or was otherwise discriminated against by the prison; and (4) such exclusion, denial or discrimination was by reason of his disability. *McGary v. Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004). Further, to recover money damages under Title II of the ADA, the alleged discrimination must be intentional on the part of the defendant. *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

Plaintiff alleges that he is disabled. He further alleges that he has encountered difficulties in accessing the prison law library in the time since the library at the B-Yard facility was removed. (FAC at 7.) When he is able to access the nearest law library,

5

1 Plaintiff alleges that the two hour time limit he has is inadequate given that he is
2 wheelchair-bound. (*Id.*) Plaintiff, however, does not allege any facts showing that any
3 Defendant in this case denied him the benefits of the prison law library on the basis of his
4 disability. *See Mansanares v. Arizona*, No. CV 11-1521-PHX-JAT (LOA), 2011 WL
5 5924349 at *8 (D. Ariz. Nov. 22, 2011). Moreover, Plaintiff's additional allegations
6 regarding general access issues to the prison law library affecting indigent prisoners fail
7 to state a claim under the ADA, which covers only exclusion from, denial of, or
8 discrimination in services, programs, or activities on the basis of disability. 42 U.S.C. §
9 12132.

The Court cannot say that amendment of the ADA claim regarding Plaintiff's use of the prison law library would be futile insofar as such amendment only concerns his disability. *Lopez*, 203 F.3d at 1130−31. Accordingly, the Court dismisses Plaintiff's ADA claim concerning use of the prison law library with leave to amend.

**II.     CONCLUSION**

Plaintiff has failed to allege facts sufficient to show either that: (1) Defendants caused him to suffer any "actual injury" with respect to any non-frivolous direct criminal appeal, habeas petition, or civil rights action he may have filed, *see Lewis*, 518 U.S. at 354, or (2) he was excluded from or denied participation in the prison law library by any Defendant on the basis of his disability in violation of Title II of the ADA. Therefore, the Court finds Plaintiff's access to courts claims must be dismissed for failure to state a plausible claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

The Court **HEREBY**:

1.     **DISMISSES WITHOUT LEAVE TO AMEND** Plaintiff's constitutional access to courts claim for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

2.     **DISMISSES WITH LEAVE TO AMEND** Plaintiff's claim under Title II of the ADA for failure to state a claim upon which relief may be granted pursuant to 28

6

17-cv-0834-BAS-MDD

U.S.C. § 1915(e)(2)(B) and § 1915A(b). The Court will **GRANT** the Plaintiff a period of 30 days from the date of this order to file a second amended complaint containing amendments only to his potential ADA claim regarding use of the prison library and his disability. **If the Plaintiff wishes to file a second amended complaint, he must file it no later than <u>October 30, 2017</u>**. Plaintiff's amended complaint must be complete by itself without reference to the First Amended Complaint. Defendants not named and any claim not re-alleged will be considered waived. *See* Civ. R. 15.1; *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"). The Court advises the Plaintiff that if he chooses to file a second amended complaint, it will be screened again under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

**If the Plaintiff does not file a second amended complaint by <u>October 30, 2017</u>, the Court will issue instructions to the Clerk of Court to issue a summons as to Plaintiff's First Amended Complaint (ECF No. 8).**

3. The Clerk of Court is **DIRECTED** to mail Plaintiff a court approved civil rights complaint form.

**IT IS SO ORDERED.**

DATED: September 28, 2017

Hon. Cynthia Bashant
United States District Judge