UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN W. GOMEZ,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 17-cv-0834-BAS-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 23];**<br><br>**(2) DISMISSING CERTAIN CLAIMS WITH PREJUDICE;**<br><br>**(3) DISMISSING CERTAIN DEFENDANTS WITHOUT PREJUDICE AND WITH LEAVE TO AMEND;**<br><br>**AND**<br><br>**(4) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THE PROPOSED SECOND AMENDED COMPLAINT**<br><br>**[ECF No. 25]** |

Plaintiff Steven W. Gomez ("Plaintiff") is a prisoner incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. Proceeding *pro se* and *in forma pauperis*, he filed the First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act
– 1 –

("ADA") on August 8, 2017. (ECF No. 8.) Defendants[1] move to dismiss Defendants Paramo, Aguirre, and Stout as well as certain constitutional claims asserted in the FAC. (ECF No. 23). Plaintiff has opposed Defendants' motion (ECF No. 27), and he seeks leave to file a proposed Second Amended Complaint ("SAC") (ECF No. 25).

For the reasons herein, the Court (1) grants Defendants' motion to dismiss in its entirety, (2) dismisses certain claims with prejudice, (3) dismisses certain Defendants without prejudice and with leave to amend, and (4) denies Plaintiff's motion for leave to file the SAC.

I. BACKGROUND

A. Factual Background

The FAC pleads three counts. Count 1 of the FAC contains disparate and unrelated allegations regarding prison overcrowding, custody status, a medical issue, and general prison conditions. First, Plaintiff alleges that RJD was overcrowded in excess of the prison's design capacity and that, as a result of the overcrowding, he and other inmates with disabilities were double-celled in cells not equipped with ADA-fixtures. (*Id.*) Second, Plaintiff alleges that he has been maintained in A-2-B custody status for five years, and has lost more than three-quarters of his programming, exercise, and recreation time. (*Id.*) Third, Plaintiff alleges he was denied a needed hip surgery. (*Id.*) Lastly, he asserts that inmate violence as well as drug and gang culture in the prison is prevalent and extremely dangerous. (*Id.*)

In Count 2, Plaintiff alleges he is permanently disabled. (*Id*. at 4.) He alleges

---

[1] Plaintiff brings suit against the California Department of Corrections and Rehabilitation ("CDCR"), RJD, and the following RJD officials: Warden Daniel Paramo, Medical Officer R. Walker, M.D., ADA Coordinator A. Pope, Lieutenant A. Aguirre, Captain M. Stout, Associate Warden A. Hernandez, and Associate Warden P. Logan. (FAC at 2.) Defendants' motion does not request dismissal of CDCR, RJD, Dr. Walker, Pope, Hernandez, or Logan. (ECF 23.)

that he has been denied participation in programs and activities by Defendants for over four years. (*Id.* at 5.) He again alleges that he has been improperly maintained in A-2-B custody status. (*Id.*) Further, he states he was forced to remain in a non-ADA equipped cell, often with another inmate. (*Id.*) Lastly, in Count 3, Plaintiff alleges he is illiterate and wheelchair-bound. (*Id.* at 7.) He alleges that he was denied access to law library facilities and services, as well as assistance with filing a lawsuit. (*Id.*)

Plaintiff does not identify individual defendants in the FAC's causes of action. Instead, in the section of the FAC where Plaintiff names the Defendants, Plaintiff alleges certain responsibilities and actions attributable to particular Defendants. (*Id.* at 2.) Plaintiff asserts that CDCR and RJD are liable for the agencies' "application of the Americans with Disabilities Act to Plaintiff." (*Id.*) Likewise, he claims Warden Paramo is liable for the general promulgation and implementation of policies and procedures at RJD. (*Id.*) He alleges that Dr. Walker denied him the hip replacement surgery. (*Id.*) Plaintiff contends that Pope is liable because he is responsible for ensuring that prisoners are treated in accordance with the ADA. (*Id.*) Lastly, Plaintiff claims that Aguirre, Stout, Hernandez, and Logan are liable "for classifications and placements of plaintiff onto and maintain" his A-2-B status. (*Id.*)

### B.   Procedural Background

Plaintiff originally filed suit on April 21, 2017 against Defendants Paramo, Dr. Walker, Pope, Aguirre, Stout, Hernandez, and Logan. (ECF No. 1.) Each Defendant was sued in his individual and official capacities. (*Id.*) The Complaint alleged causes of action pursuant to (1) 42 U.S.C. § 1983, (2) remedial orders issued in the class actions *Armstrong v. Davis*, 58 Fed. App'x 695 (9th Cir. 2003) and *Brown v. Plata*, 563 U.S. 493 (2011), (3) the ADA, 42 U.S.C. §§ 12101–12231, and (4) the Eighth Amendment. The same day, Plaintiff filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

The Court granted Plaintiff's motion to proceed *in forma pauperis* on May 9,

2017. (ECF No. 4.) In granting that motion, the Court conducted a mandatory screening of the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and dismissed the Complaint with leave to amend for failure to state a claim. (*Id.*) The Court specifically identified deficiencies in Plaintiff's claims for alleged ADA violations, supervisory liability under Section 1983, and Plaintiff's Eighth Amendment prison overcrowding claim. (*Id.*) The Court further determined that Plaintiff had failed to state a Section 1983 claim based on the remedial plan identified in *Plata*. (*Id.*)

On August 8, 2017, Plaintiff filed the FAC. (ECF No. 8.) The FAC eliminates Plaintiff's allegation that inmates were denied "needed special diets," which was included in the initial Complaint. (*Contrast* Compl. at 4 *with* FAC at 2.) The FAC adds CDCR and RJD as defendants and includes new allegations that Plaintiff was denied access to a law library and assistance with filing a lawsuit in violation of the ADA. (FAC at 2, 7–8.) The FAC also alleges that Plaintiff was denied yard and programming time due to his custody status and also denied hip replacement surgery. (*Id.* at 3.) Aside from these differences, the factual allegations in the complaint and FAC are the same. The FAC repeats Plaintiff's claims based on prison overcrowding, Plaintiff's housing in a non-ADA equipped cell with another inmate, his assignment to A-2-B punitive custody status for over four-and-a-half years, and generalized inmate violence. Plaintiff continues to assert in the FAC that he is entitled to relief under *Plata* and *Armstrong*. (*Id.*) The FAC also asserts that Plaintiff's First, Fourth, Sixth, and Fourteenth Amendment rights were violated based on the allegations Plaintiff sets forth. (*Id.* at 3.)

On September 28, 2017, the Court conducted a mandatory screening of the FAC and dismissed without leave to amend Plaintiff's constitutional access to courts claim for failure to state a claim upon which Section 1983 relief may be granted. (ECF No. 9.) The Court also dismissed Plaintiff's ADA claim regarding use of the prison law library with leave to amend by September 28, 2017. (*Id.*) Plaintiff failed

to timely file an amended complaint to cure the deficiencies of his law library access claim. When Plaintiff responded to the Court's order in December 2017, he conceded that he would not press an ADA claim based on use of the prison law library. (ECF No. 11.) Consequently, Count 3 of Plaintiff's FAC was dismissed. (ECF No. 12.)

On May 7, 2018, Defendants moved to dismiss several of Plaintiff's claims. (ECF No. 23.) They moved to dismiss the claims against Warden Paramo, Aguirre, and Stout, as well as the First, Fourth, and Sixth Amendment claims against all Defendants. (*Id.*) A week before responding to Defendants' motion to dismiss, Plaintiff moved to file the SAC. (ECF No. 25.) In the proposed SAC, Plaintiff alleges that Warden Paramo ordered his agents to use policies and procedures in an illegal manner, and that Dr. Walker promulgated or implemented a policy which prevented Plaintiff from being assigned a medically disabled status. (SAC at 2.) Like the FAC, the SAC contains allegations regarding prison overcrowding, Plaintiff's housing in a non-ADA equipped cell with another inmate, his A-2-B punitive custody status for over four-and-a-half years, denial of hip replacement surgery, loss of yard and programming time, and inmate violence. (*Id.* at 3–5.) Plaintiff once more alleges that he is entitled to relief under *Plata* and *Armstrong*. (*Id.* at 3–8.)

On May 30, 2018, Plaintiff filed his opposition to Defendants' motion to dismiss. (ECF No. 27.) Plaintiff asserts that he will demonstrate at some later point that Defendants Warden Paramo, Aguirre, Hernandez, Stout, and Logan were responsible for his A-2-B status as "major players" on the classification committees. (*Id.* at 4:9–13.) As for his constitutional claims, Plaintiff asserts that Defendants failed to establish grievance procedures in violation of his First Amendment rights. (*Id.* at 5:1–9.) He additionally asserts that his Fourth Amendment claims should stand because his A-2-B status caused "innumerable unreasonable searches and seizures of his cell." (*Id.* at 5:10–17.) Lastly, "Plaintiff concedes there are no Sixth Amendment claims pleaded by him[.]" (*Id.* at 5:18–19.) The Court now turns to the merits of the pending motions.

## II. LEGAL STANDARD

### A. Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A defendant may move to dismiss a complaint on the ground that its allegations fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b). A Rule 12(b)(6) motion tests the sufficiency of a complaint's allegations. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). To survive a Rule 12(b)(6) motion, a plaintiff is required to set forth "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 556. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). In assessing the sufficiency of a complaint, a court accepts as true the complaint's factual allegations and construes them in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "[W]here the petitioner is *pro se*, particularly in civil rights cases," the Court has an obligation "to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). Yet, the court need not accept as true legal conclusions pled in the guise of factual allegations. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.

1994). A pleading is insufficient if it offers only "labels and conclusion" or "a formulaic recitation of the elements of a cause of action," without adequate factual allegations. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 676.

### B. Leave to Amend

Federal Rule of Civil Procedure 15 provides that a court should freely give leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). "[A] district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). "[T]he 'rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to make errors in pleadings than the person who benefits from the representation of counsel.'" *Lopez*, 203 F.3d at 1131 (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). To afford a *pro se* litigant the best chance to address errors, the court must provide "notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## III. DISCUSSION

### A. Defendants' Motion to Dismiss the Section 1983 Claims

In moving to dismiss, Defendants contend that Plaintiff's First, Fourth, and Sixth Amendment claims should be dismissed due to lack of sufficient factual allegations. (ECF No. 23 at 5.) Defendants further argue that Warden Paramo, Aguirre, and Stout should be dismissed because the FAC contains insufficient allegations to state a claim against them under Section 1983. (*Id.* at 3–5.) The Court agrees.

#### 1. First, Fourth, and Sixth Amendment Claims

"Section 1983 creates a private right of action against individuals who, acting

– 7 –

17cv834

under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). Plaintiff's First, Fourth, and Sixth Amendment claims fail because the FAC lacks sufficient factual allegations which show any deprivation of Plaintiff's rights under these amendments.[2]

Plaintiff alleges in the FAC that as a result of inmate overcrowding at RJD, he has been classified as A-2-B status for five years, kept in a "non-ADA equipped cell," denied hip replacement surgery, lost programming and exercise time, and has been exposed to inmate violence and "drug/gang culture." (FAC at 3.) He claims that these problems generally amount to constitutional violations and he cites the First and Fourth Amendments. (*Id.*) The FAC contains no further allegations which would transform Plaintiff's bare citation to these amendments into plausible claims.

Turning to Plaintiff's First Amendment claim, it is clear to the Court that Plaintiff lacks a plausible claim.

> "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

---

[2] Plaintiff concedes in his response to Defendants' motion that "there are no Sixth Amendment claims pleaded by him at this time and he does not anticipate any in the future." (ECF No. 27 at 5:19–20.) Accordingly, the Court takes this as a concession to dismissal with prejudice of that claim.

*Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). The FAC contains no allegations on any of these points. In his response to Defendants' motion, Plaintiff reiterates that Defendants did not establish a procedure for inmates to file grievances against the prison and its officials. (ECF No. 27 at 5:1–9.) To the extent that Plaintiff is contending that this conduct may support a First Amendment violation, the Court disagrees. Plaintiff does not provide any facts which show that a particular Defendant took an adverse action against him on a particular occasion, let alone because of any protected conduct in which he engaged. Plaintiff's general averment about the lack of a grievance procedure affecting all prisoners does not state a First Amendment violation.

Plaintiff's Fourth Amendment claim fares no better. As with the First Amendment claim, the FAC contains no allegations which would show a Fourth Amendment violation. In opposition, Plaintiff asserts that he suffered "innumerable unreasonable searches and seizures of his cell" because of his custody status. (ECF No. 27 at 5:12–13.) He asserts that these searches constitute Fourth Amendment violations. (*Id.* at 5:10–17.) Even if this were alleged in the FAC, this conduct does not show a Fourth Amendment violation. "[T]he Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Thus, the Court cannot find that Plaintiff has stated or may be able to state a Fourth Amendment violation based on this alleged conduct.

Because the FAC does not show violations of the First or Fourth Amendments and because Plaintiff cannot save those claims by alleging additional facts, the Court grants Defendants' motion to dismiss Plaintiff's First, Fourth, and Sixth Amendment claims and dismisses those claims without leave to amend. *See Lopez*, 203 F.3d at 1129 ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.").

### 2. Warden Paramo

In the FAC, Plaintiff alleges that Warden Paramo "promulgates and implements policies and procedures" at RJD, and "order[s] his agents and servants to use them." (FAC at 2.) The Court understands these allegations as an attempt to sue Warden Paramo in his supervisory capacity and concludes that Plaintiff has failed to plead Section 1983 claims against Paramo.

Supervisors may not be held liable under Section 1983 for the actions of subordinate employees based on *respondeat superior* or vicarious liability. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013). Rather, "[i]n order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation[.]" *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

To proceed against Warden Paramo, Plaintiff must plead sufficient facts which show "(1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d at 977 (internal citation and quotation marks omitted). A supervisor's personal involvement could include his "own culpable action or inaction in the training, supervision, or control of his subordinates, his acquiescence in the constitutional deprivations of which the complaint is made, or conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011) (quotation marks omitted). Under the causal connection theory, supervisors may be liable for implementing unconstitutional policies. "[S]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989)) (internal quotation marks omitted).

The single sentence in the FAC which identifies Warden Paramo is conclusory and general. (*See* FAC at 2.) Plaintiff provides no factual allegations about the policies or procedures Warden Paramo purportedly implemented. Nor does Plaintiff describe any actions by Warden Paramo or his subordinates which are associated with these policies, or how any alleged policies caused him harm or were so deficient they violated his constitutional rights. "The absence of specifics is significant because, to establish individual liability under 42 U.S.C. § 1983, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 676). Consequently, the FAC lacks facts sufficient to state a Section 1983 claim against Warden Paramo.

The remaining issue for the Court to decide is whether leave to amend should be granted. Although the Court has previously provided Plaintiff notice of the deficiencies in his Section 1983 claims as a general matter, Plaintiff's specific claims against Warden Paramo have never been analyzed. (*See* ECF No. 4.) Plaintiff argues in his response that Warden Paramo failed to establish a grievance process, and that such a failure violated Plaintiff's First Amendment rights. (ECF No. 27 at 5:1–9.) Because Plaintiff cannot allege an underlying deprivation of his First Amendment right based on the failure to establish a grievance process, the Court does not find that this is a basis for leave to amend this claim.

However, Plaintiff asserts in his opposition that Warden Paramo specifically participated in maintaining Plaintiff's A-2-B status as one of "the major players who sat on the classification committees that maintained him on A-2-B punitive custody status[.]" (ECF No. 27 at 4:7–13.) The FAC does allege that this status resulted in his unconstitutional condition of confinement. (FAC at 5.) Because it is not absolutely clear to the Court that Plaintiff will not be able to allege further facts which might state a Section 1983 claim against Defendant Paramo, the Court dismisses the Section 1983 claims against Warden Paramo with leave to amend insofar as it

concerns Paramo's alleged involvement in maintaining Plaintiff in A-2-B custody status. *See Lopez*, 203 F.3d at 1130.

### 3. Aguirre and Stout

Plaintiff also alleges that Aguirre and Stout violated the Eighth Amendment by maintaining Plaintiff's A-2-B status. (FAC at 2.) Plaintiff asserts in the FAC that he was denied privileges, including outdoor exercise, recreation, and programming. (*Id.* at 3.) An inmate's status impacts his privileges in prison. Cal. Code Regs. tit. 15 § 3044(c) (2018). In his response to Defendants' Motion, Plaintiff further asserts that Aguirre and Stout specifically participated in maintaining Plaintiff's A-2-B status as "major players" of the classification committee. (ECF No. 27 at 4:7–13.)

Unlike Warden Paramo, the FAC does not allege that Aguirre and Stout acted in a supervisory capacity, but rather appears to allege that they directly participated in the alleged violation of Plaintiff's Eighth Amendment rights. "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). As part of maintaining humane conditions, the Eighth Amendment imposes a duty on prison officials to ensure inmates receive adequate food, clothing, shelter and medical care. *Id.* at 832. The Ninth Circuit has held that denying inmates outdoor exercise can constitute an Eighth Amendment violation under certain circumstances. *See Lopez*, 203 F.3d at 1133; *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995); *Norwood v. Vance*, 591 F.3d 1062, 1068 (9th Cir. 2010).

Plaintiff's allegations against Aguirre and Stout are insufficient to show that either was personally involved in a specific deprivation of his Eighth Amendment rights. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant." *Barren*

*v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The FAC contains no facts which show any individual actions of either Aguirre or Stout which resulted in violations of Plaintiff's constitutional rights.

The remaining issue for the Court to decide is whether leave to amend should be granted. Although the Court has previously provided Plaintiff notice of the deficiencies in his Section 1983 claims as a general matter, Plaintiff's specific claims against Defendants Aguirre and Stout have never been analyzed. (*See* ECF No. 4.) Plaintiff asserts in his response to Defendants' motion that, along with Warden Paramo, Aguirre and Stout also failed to establish a process for filing grievances against the prison. (ECF No. 27 at 5:1–9.) Because Plaintiff cannot an allege underlying deprivation of his First Amendment right based on the failure to establish a grievance process, the Court does not find that this is a basis for leave to amend this claim.

However, as with Warden Paramo, Plaintiff asserts that Defendants Aguirre and Stout were among "the major players who sat on the classification committees that maintained him on A-2-B punitive custody status[.]" (ECF No. 27 at 4:7–13.) Because it is not absolutely clear to the Court that Plaintiff will be not able to allege further facts which might state a Section 1983 claim against these Defendants, the Court dismisses the Section 1983 claims against Defendants Aguirre and Stout with leave to amend insofar as it concerns each Defendant's alleged involvement in maintaining Plaintiff in A-2-B custody status. *See Lopez*, 203 F.3d at 1130.

**B.     The FAC and the Court's Prior Orders**

Defendants' motion does not address Plaintiff's claims for relief from prison overcrowding under *Plata* and *Armstrong*, nor his claims for alleged ADA violations, including those asserted against Warden Paramo, Aguirre, and Stout. (ECF No. 23.) Plaintiff's opposition to dismissal, however, raises these issues. (ECF No. 27.) The Court thus takes this an opportunity to clarify the claims in this case. The Court has previously addressed Plaintiff's allegations regarding prison overcrowding and ADA

violations in its prior screening orders. (ECF No. 4.) To the extent Plaintiff seeks to pursue claims against any Defendants related to prison overcrowding under *Plata* and *Armstrong* or claims against the individual Defendants for ADA violations, the Court rejects those attempts.

### 1. Prison Overcrowding

Plaintiff alleges in the FAC and asserts in opposition to dismissal that Defendants have failed to remedy overcrowding pursuant to remedial orders issued in the class actions *Armstrong* and *Plata*. (FAC at 3, 5-6; ECF No. 27 at 2:11–17.) *See Brown v. Plata*, 563 U.S. 493 (2011); *Armstrong v. Davis*, 58 Fed. App'x 695 (9th Cir. 2003). However, these remedial decrees do not create independent causes of action. "[R]emedial orders . . . do not create 'rights, privileges or immunities secured by the Constitution and the laws' of the United States." *Hart v. Cambra,* No. C-96-0924-SI, 1997 WL 564059, *5 (N.D. Cal. Aug. 22, 1997) (quoting *Green v. McKaskle,* 788 F.2d 1116, 1123–24 (5th Cir.1986)). The Court has previously noted that the remedial decree in *Plata* does not create an independent cause of action. (ECF No. 4); *see also Hooker v. Kimura–Yip*, No. 2:11-cv-0899 LKK CKD P, 2012 WL 4056914, at *3 (E.D. Cal. Sept. 14, 2012) (finding that remedial orders in *Plata* did not provide an "independent cause of action" under § 1983 because they did not "have the effect of creating or expanding plaintiff's constitutional rights"), *adopted in part and rejected in part on other grounds*, 2013 WL 6334937 (E.D. Cal. Dec. 5, 2013); *Yocom v. Grounds*, No. C 11-5741 SBA (PR), 2012 WL 2254221, at *6 (N.D. Cal. June 14, 2012) (same). Thus, Plaintiff is not entitled to relief for the alleged violation of *Plata*.

Further, this Court cannot issue relief to Plaintiff under *Armstrong*. "[A]ny violations of the remedial plan developed in *Armstrong* do not provide an independent basis for relief in this court. Violations of the *Armstrong* Remedial Plan must be addressed *through the procedures provided by that plan*." *Prado v. Swarthout*, No. 2:15-cv-1866-WBS-DS-P, 2017 WL 1106007, *10 n.1 (E.D. Cal.

Mar. 24, 2017) (emphasis added); see also *Crayton v. Terhune*, No. C 98-4386-CRB-PR, 2002 WL 31093590, at *4 (N.D. Cal. Sept. 17, 2002). Any alleged violations of the Remedial Plan must be addressed through the procedures provided in *Armstrong*. *See Frost v. Symington,* 197 F.3d 348, 358–59 (9th Cir. 1999). Accordingly, Plaintiff also fails to state claim based on the *Armstrong* remedial decree regarding prison overcrowding.

          **2.    ADA**

Plaintiff alleges that he is a "permanently disabled prisoner" who has been "denied any participation in programs or activities at [RJD] by defendants in excess of 4 years." (FAC at 4–5.) In addition, Plaintiff alleges that he has been forced to be housed in a "non-ADA-equipped cell." (*Id.*) As the Court has previously noted (ECF No. 4 at 4), the Americans with Disabilities Act ("ADA") applies in the prison context. *United States v. Georgia*, 546 U.S. 151, 154 (2006). Plaintiff, however, cannot pursue ADA claims alleged against the individual Defendants because "[t]here is no individual liability under the ADA." *Heinke v. Cty. of Tehama Sheriff's Dept.*, No. CVI S-12-2433 LKK/KJN, 2013 WL 3992407, at *7 (E.D. Cal. Aug.1, 2013). Because there is no such liability, "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Once more, the Court advises Plaintiff that the individual Defendants cannot be held liable for any alleged violations of the ADA and he may not assert claims against them on this basis.

        **C.    Motion for Leave to File SAC**

Plaintiff has moved to file a SAC and included a proposed SAC with his motion. (ECF 25.) "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir.

2014) (quoting *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)). Although it was filed after Defendants' motion to dismiss, the proposed SAC does not cure the FAC's deficiencies identified in this Order or prior Orders. Permitting Plaintiff to file the proposed SAC would be futile and, consequently, the Court denies Plaintiff's motion. *See Desertrain*, 754 F.3d at 1154. This denial, however, does not affect the Court's grant to Plaintiff of leave to amend the allegations against Defendants Paramo, Aguirre, and Stout.

IV. **CONCLUSION AND ORDER**

For the foregoing reasons, the Court:

1. **GRANTS** Defendants' motion to dismiss. (ECF No. 23.)

2. **DENIES** Plaintiff's motion for leave to file the proposed SAC. (ECF No. 25.)

3. **DISMISSES WITH PREJUDICE** Plaintiff's First, Fourth, and Sixth Amendment violation claims.

4. **DISMISSES WITHOUT PREJUDICE** Defendants Warden Paramo, Aguirre, and Stout. Plaintiff is granted **LEAVE TO AMEND** to provide additional allegations *regarding these Defendants' alleged involvement in Plaintiff's placement and maintenance in A-2-B custody status only*.

5. Plaintiff may file a Second Amended Complaint **no later than September 14, 2018**. If Plaintiff chooses to file an amended complaint, the amended complaint **must be complete in itself without reference to his original pleading**. Defendants not named and any claims not re-alleged in the Second Amended Complaint will be considered waived. *See* S.D. CAL. CIV. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

Furthermore, any amended complaint Plaintiff files must comply with the requirements of Local Civil Rule 8.2 governing complaints filed by prisoners under § 1983, which provides:

"Additional pages not to exceed fifteen (15) in number may be included with the court approved form complaint, provided the form is completely filled in to the extent applicable in the particular case. The court approved form and any additional pages submitted must be written or typed on only one side of a page and the writing or typewriting must be no smaller in size than standard elite type. **Complaints tendered to the clerk for filing which do not comply with this rule may be returned by the clerk, together with a copy of this rule, to the person tendering said complaint**." S.D. Cal. Civ. L.R. 8.2 (emphasis added).

6. As the Court has noted, Defendants' motion to dismiss did not address any claims against Defendants CDCR, RJD, Dr. Walker, Pope, and Hernandez. These Defendants are thus **ORDERED** to answer the FAC **no later than August 21, 2018**.

**IT IS SO ORDERED.**

DATED: August 1, 2018

Hon. Cynthia Bashant
United States District Judge